UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM R. DAVIES,

    Petitioner,

v.                                   CASE NO. 6:12-cv-790-Orl-31TBS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

### ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 21). Petitioner filed a reply to the response (Doc. No. 24).

Petitioner alleges nine claims for relief in his habeas petition. As discussed hereinafter, the Court finds that the petition is untimely and must be denied.

*I.*    *Procedural History*

Petitioner was indicted on September 9, 1986, for first degree murder (App B). After a jury trial, Petitioner was convicted as charged. *Id.* On March 31, 1988, the trial court sentenced Petitioner to life without the possibility of parole for twenty-five years. *Id.* Petitioner appealed, and the Fifth District Court of Appeal affirmed *per curiam* on May

31, 1989 (App. E).  Mandate issued on June 19, 1989 (App. F).

Twenty year later, on August 21, 2009,[1] Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure in which he alleged five claims (App. G).  After Petitioner filed an amended Rule 3.850 motion in which he alleged two additional claims, the trial court summarily denied Petitioner's motions (App. K).  The appellate court affirmed *per curiam* on March 6, 2012 (App. M).  Mandate issued on May 4, 2012 (App. O).

While Petitioner's Rule 3.850 motion was pending, he filed an emergency petition for writ of habeas corpus in the trial court on August 16, 2010 (App. P).  The trial court issued an order transferring the petition to the Fifth District Court of Appeal on April 26, 2011.  *Id.*  Petitioner moved for rehearing, and on October 27, 2011, the trial court granted rehearing in part, vacated the order of transfer, dismissed Petitioner's ineffective assistance of appellate counsel claims without prejudice, and denied the remainder of Petitioner's claims.  *Id.*  Petitioner appealed, and the appellate court affirmed on February 22, 2013 (App. T); *Davies v. State*, 107 So. 3d 1224 (Fla. 5th DCA 2013).  Mandate issued on March 18, 2013 (App. U).

---

[1]This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

Petitioner also filed a petition for writ of habeas corpus with the Fifth District Court of Appeal on January 19, 2012 (App. V). On April 12, 2012, the appellate court denied the petition without discussion (App. Z). Petitioner filed his federal habeas petition on May 21, 2012 (Doc. No. 1).

## II.     *Petitioner's Habeas Corpus Petition Is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

   (A)  the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

Petitioner, whose conviction became final prior to April 24, 1996, had through April 24, 1997, absent any tolling, to file a § 2254 petition regarding his conviction. *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998) (petitioners whose convictions became final before the enactment of the AEDPA must be provided a reasonable time to file their § 2254 petitions, and one year from the effective date is a reasonable period). The instant petition was filed on May 21, 2012. Because the one-year statute of limitations expired on April 24, 1997, Petitioner's habeas corpus petition was untimely filed.

The Court is aware that Petitioner filed several post-conviction motions or petitions in the state court. However, because the one-year period expired before Petitioner initiated those actions, the tolling provision of section 2244(d)(2) does not apply. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, the instant untimely federal habeas petition must be denied.

III.   *Equitable Tolling*

To overcome his untimely filing, Petitioner alleges that he was prevented from timely pursuing his post-conviction remedies due to misrepresentations and fraud on the part of attorney Dan Warren ("Warren") (Doc. No. 2 at 9-10, 15-16, 30-31, 35). Petitioner

4

contends that in 1990, after he was convicted, Warren advised Petitioner's father that defense counsel Carmen Corrente ("Corrente"),[2] had provided the best defense possible, that pursuing post-conviction remedies would be a waste of time and money, and that the best course of action would be to seek international extradition or transfer to Canada.[3] *Id.* Petitioner states that Warren misled his father when he did not disclose that he was a senior partner at the law firm where Corrente worked. *Id.* at 15-16.

Petitioner claims that because of Warren's advice to his father, he abandoned his intended course of action and instead hired a Canadian solicitor to pursue an international prison transfer. *Id.* at 9. Petitioner then made several unsuccessful attempts from 1990 through 2007 to be transferred to Canada before hiring another attorney in 2008. *Id.* at 9-15. Petitioner states he did not learn that several constitutional violations had occurred during his trial until 2008. *Id.* at 30-31. Further, Petitioner argues that he was unaware of Warren's misrepresentations and his failure to disclose that his law firm employed Corrente until October 2009. *Id.*

In *Holland v. Florida*, 560 U.S. 631, 649 (2010), the Supreme Court of the United States held that a petitioner is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

---

[2] Corrente worked for Warren's law firm during the time he represented Petitioner. Corrente now works for the Florida Office of the Attorney General. However, Corrente was not assigned to work on the instant case.

[3] Petitioner is a Canadian citizen.

stood in his way' and prevented timely filing." (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).  A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).

First, the Court notes that despite Petitioner's argument that he and his father were unaware that Warren was a partner in the law firm which employed Corrente, this allegation is refuted by the record.  The documents signed and filed in the state court by Corrente reflect that he worked for the law firm of Judge & Warren, P.A., or Warren & Associates, P.A. (App. B).  Therefore, the Court finds it is highly improbable that Petitioner and his father were unaware that Corrente was employed by Warren's law firm.

Moreover, even if Petitioner's allegation was true, this would not constitute an extraordinary circumstance that prevented Petitioner from timely filing his federal habeas petition.  Warren did not tell Petitioner anything.  Rather, he merely suggested to Petitioner's father that pursuit of post-conviction remedies would be unsuccessful. Warren's advice, while perhaps viewed by Petitioner as incorrect, does not rise to the level of egregious attorney conduct as referenced in *Holland*.  *See* 560 U.S. at 652-53 (noting Holland's attorney did more than fail to file a habeas petition within the limitations period; counsel failed to communicate with the petitioner over a period of years and thus abandoned him).  The Eleventh Circuit recently held that "attorney negligence, however

gross or egregious, does not qualify as an 'extraordinary circumstance' for the purposes of equitable tolling; abandonment of the attorney-client relationship . . . is required." *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 481 (11th Cir. 2014). There has been no such showing here.[4]

Furthermore, Petitioner has not shown that he diligently pursued his rights. Petitioner was convicted in 1988, and Warren's alleged misrepresentation occurred in 1990. He had seven years thereafter to discover the alleged constitutional violations that occurred at his trial in 1988. Instead, Petitioner waited approximately twenty years to file a Rule 3.850 motion in the state court, and only after unsuccessfully petitioning for an international transfer or extradition on at least four occasions.

Petitioner also alleges that he was prevented from timely filing his federal petition because he did not have access to his trial transcripts. However, federal courts have recognized that the unavailability or a delay in receiving trial records or transcripts does not warrant equitable tolling. *See Stewart v. Sec'y, Fla. Dep't of Corr.*, 355 F. App'x 275, 281-82 (11th Cir. 2009); *Powe v. Culliver*, 205 F. App'x 729, 735 (11th Cir. 2006); *Ward v. Daniels*, No. 2:11-cv-3789-PWG, 2012 WL 1642465, at *3 (N.D. Ala. Apr. 9, 2012); *Eubanks v. McNeil*,

---

[4] It is unclear whether Warren represented Petitioner at all in this case. Rather it appears that he merely gave Petitioner's father his thoughts on what avenues would be most successful for Petitioner after his conviction. Furthermore, although Petitioner cites to cases which he contends afford him relief due to Warren's alleged "misrepresentation" or "fraud," the cases to which Petitioner cites relate to fraud or misrepresentations made which induced the parties to enter into a contract and are not applicable to this case. *See, e.g.*, *Gilchrist Timber Co. v. ITT Rayonier, Inc.*, 127 F.3d 1390 (11th Cir. 1997).

No. 3:06-cv-845-J-34TEM, 2009 WL 3232689, at *10 (M.D. Fla. Sept. 30, 2009).

The Court concludes that no extraordinary circumstance thwarted Petitioner's efforts or prevented him from timely filing his federal habeas petition. The one-year limitations period expired on April 24, 1997, and Petitioner's untimely habeas petition must be denied.

IV.   *Actual Innocence*

Petitioner alleges that his untimely petition should be excused because he is actually innocent. In support of his claim, Petitioner states that on April 1, 1988, inmate Edwin Parker ("Parker") told him that Officer Snider, an officer who testified at trial, "had blatantly lied" (Doc. No. 2; Exs. A & B). Petitioner filed affidavits from his parents to support his contention. *Id.* Petitioner also filed the affidavit of inmate Wayne A. Pula ("Pula"), who attests that in January 1990, he met another inmate, Baxter Richelle ("Richelle"),[5] who essentially told Pula that he and a man named "Jon-Jon,"[6] were "muscle" for a group of criminals in Daytona Beach and had successfully placed the blame for a murder on some "stupid Canadian juvenile." *Id.* at Ex. C. Richelle also told Pula that "Jon-Jon" had forged a "kite" used by the State to convict Petitioner and "get [Jon-Jon] off on lesser charges." *Id.* Pula informed Petitioner in June 2009 of what he had

---

[5] Petitioner alleged in his state court documents that the correct spelling of Baxter's last name is Rishell.

[6] John Cavallaro was a co-defendant in this case.

been told. *Id.* Petitioner contends these affidavits demonstrate that he is innocent of the charges.

The Supreme Court of the United States recently held that actual innocence, if proved, may serve as a gateway through which a habeas petitioner may obtain review of his claims even if the one-year statute of limitations has expired. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "An actual-innocence claim must be supported 'with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial.'" *Milton v. Sec'y, Dep't of Corr.*, 347 F. App'x 528, 530-31 (11th Cir. 2009) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To satisfy the "'threshold showing of innocence' justifying 'a review of the merits of the constitutional claims,' the new evidence must raise 'sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'" *Id.* at 531 (quoting *Schlup*, 513 U.S. at 317). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

In the present case, Petitioner does not support his allegation of innocence with evidence sufficiently reliable to undermine the Court's confidence in the outcome of his criminal proceedings. *See Schlup*, 513 U.S. at 317. The reliability of the affidavits Petitioner has presented is called into question because the affidavits were not made until 2009 despite the affiants' knowledge regarding the issues in 1988 and 1990, respectively. *See, e.g., Milton*, 347 F. App'x at 531-32 (noting that reliability of affidavits may be called

9

into question by substantial delay in submission of affidavits from time of offenses); *see also Schlup*, 513 U.S. at 332. To the extent the affiants gave reasonable explanations for the delay in providing their affidavits, Petitioner cannot demonstrate that the affidavits are reliable. The Davies' attestations regarding Parker's statements and Pula's affidavit regarding what Richelle told him amount to hearsay, and such evidence would not be admissible at trial.

Moreover, "timing is a factor relevant in evaluating the reliability of a petitioner's proof of innocence." *Brown v. Crews*, No. 3:13-cv-64/MCR/EMT, 2014 WL 4409952, at *7 (N.D. Fla. Sept. 8, 2014) (citing *McQuiggin*, 133 S.Ct. at 1935) ("[a] court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence].") (quotation omitted). Petitioner relies upon stale evidence to collaterally attack his conviction. The timing of the affidavits, coupled with the inadmissibility of the statements contained therein, leads the Court to conclude that the affidavits are unreliable. Consequently, Petitioner cannot satisfy a threshold showing of innocence, and his untimely petition will not be excused on this basis.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

### IV. *Certificate of Appealability*

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by William R. Davies (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to close this case.

11

**DONE AND ORDERED** in Orlando, Florida, this 29th day of September, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 9/29
Counsel of Record
Williams R. Davies